## Chauncey S. Payne v. Levi Walker.

*Statute of limitations: Account stated: Assent.* Where the benefit of the statute of limitations is claimed as a defense to a portion of a claim sued upon, on the ground that it has been converted into an account stated, through the assent of the defendant to an account as rendered to him, it is not sufficient to sustain such defense, that upon, and after, the exhibition of the account to him, he remained perfectly passive; and especially not, where the account was not left with him, but was retained by plaintiff; some word or act must be shown indicating an assent to the account.—*White v. Campbell, 25 Mich., 463.*

*Payment: Statute of limitations: Mutual account.* Payments upon an account are sufficient to render it an open and mutual account so as to prevent the remedy thereon being barred by the statute of limitations.

*Account books: Entries: Account current.* Where an attorney's services are minuted in his register and other proper memorandum books, it is sufficient for the purpose of an account current; there is no requirement that the books upon which entries are made shall be of any particular kind, or the entries of any particular form; and the fact that the amount of the charges was not entered, is immaterial.

*Heard and decided October 24.*

Error to Genesee Circuit.

This was an action to recover for legal services rendered between 1848 or 1849 and June, 1871. Payments had been received in 1851, 1856, 1860, and 1871. In 1852 or 1853 an account of charges and credits up to that time, was presented to defendant, who made no objection to it, but no balance was struck, and no payment was made thereon. The business done in justice's court was entered in a little memorandum book which plaintiff carried in his

pocket; and the business done in courts of record was entered in plaintiff's law register as it was done, but generally the amounts of charges for the services were not entered; and the plaintiff did not in some cases determine in his own mind what he would charge, until about the time of the commencement of this suit. He had, however, at different times put his account against defendant on paper, and at each subsequent time had copied the account from the last preceding paper, and added new items which had accrued subsequently. Evidence was introduced to show that the charges were reasonable.

The errors assigned all relate to the charges given at plaintiff's request, and the refusal to charge as requested by the defendant. The charges given at plaintiff's request, to which exception was taken, were:

"1. That if in 1852 or 1853 the plaintiff made out and showed to defendant a statement of the account between them at that time, including items on both sides, and requested defendant to pay, which statement was not objected to, but no settlement was made, no balance was struck or agreed upon, and nothing paid, and the statement was not left with the defendant, but was retained by the plaintiff, and if afterwards, and within six years, other dealings were had between the parties, and other items of account accrued on both sides, the above facts would not change the character of the part of the account embraced in the statement shown to defendant, but it would still remain an open current account the same as if such statement had not been shown to the defendant.

"2. That property or money received, not as payment of any particular item of an account, but to apply on the account generally, makes it a mutual open account current within the meaning of the statute, so as to avoid the effect

of the statute of limitations as to items accruing more than six years before the commencement of the suit."

The defendant's requests, which were refused and to which exception was taken, were:

"1. That all charges by plaintiff for services in suits or other matters which were fully concluded more than six years before the commencement of the present suit, and where the amount of such charges was not entered upon any book or paper, or determined by plaintiff until about the time of commencement of this suit, and until more than six years after such services had been respectively concluded, are outlawed and cannot be recovered.

"2. That in order to make accounts mutual, there must be items on each side within six years from each other, and that no item of any account defendant had against plaintiff can prevent from outlawing items of plaintiff's account more than six years earlier, and that no item of defendant's account, which is itself more than six years prior to the commencement of suit, can prevent the outlawry of items of plaintiff's account for services more than six years prior to the commencement of this suit."

The judgment was for plaintiff, and defendant brings error.

*Walker & Kent,* for plaintiff in error.

*William Newton* and *Levi Walker,* in person, for defendant in error, were stopped by the court.

PER CURIAM.

The first objection made to the judgment in this cause, is disposed of by the case of *White v. Campbell, 25 Mich., 463.*

PAYNE *v.* WALKER.

The second raises the question, whether payments upon an account are sufficient to render it an open and mutual account so as to prevent the remedy thereon being barred by the statute of limitations. We think the circuit judge was correct in holding that they are.

The third objection we think equally untenable. Where an attorney's services are minuted in his register and other proper memorandum books, it is sufficient for the purposes of an account current in the law; and the fact of his not having actually entered the amount of charges, or made regular entries on formal account books, is immaterial. There is nothing suspicious in this mode of keeping the evidence of attorney's services, but on the contrary, these books are usually quite as satisfactory as any regular books of account could be. There is no requirement of law that that the books upon which entries are made shall be of any particular kind, or the entries of any particular form.

Judgment affirmed, with costs.