## John Mandigo v. Neldin Mandigo.

*General exceptions.* An exception to the whole charge, and to each and every part and paragraph thereof, will not be considered.—*Danielson v. Dyckman, supra, p. 169.*

*Surety: Deposit: Agreement: Consideration.* Where one deposits money with another who has signed notes with him as a surety, before the notes mature, and it is agreed between them that the latter should apply the money so received, in discharge of the notes, the former cannot afterwards revoke such agreement; the suretyship is a sufficient consideration to support such a contract.

*Statute of limitations: Set-off: Mutual accounts.* Where a plaintiff counts on a transaction that took place in 1869, and defendant makes a claim of set-off originating in 1865, 1868, and 1869, it is erroneous, in the absence of any showing that there were mutual accounts between them in the meantime, to permit the defendant to show, as an additional offset, that plaintiff boarded with him during and prior to the year 1858; the claim for such board was barred by the statute of limitations; this cannot be treated as a case of mutual accounts renewed after a suspension for a period.

*Material error.* This error will not be treated as immaterial, upon the inference that the verdict was not affected by it because no evidence was given of the value of the board in 1858, where the record does not show distinctly that the jury did not make some allowance for it.

*Costs.* The plaintiff is not entitled to costs when his judgment is for less than one hundred dollars, upon the ground that he established a claim for a larger amount which was reduced by set-off, where the reduction was in fact by payment.

*Heard October 31.    Decided January 8.*

Error to Kalamazoo Circuit.

This was an action of assumpsit, for labor performed, and money had and received. A large portion of the money claimed, had been paid over to defendant while he was still liable as surety upon two promissory notes of the plaintiff. This money the defendant afterwards applied in payment of the notes; and he testified that it was agreed between himself and the plaintiff, that it should be applied in that way. It appeared, however, that before the notes became due, the plaintiff demanded the money of the defendant, who refused to pay it back to him. The other facts are sufficiently stated in the opinion.

*May & Buck*, for plaintiff in error, cited: *Story on Bail-ment*, § *264; Jarvis v. Rogers, 15 Mass., 289; Bank v. Manchester, 9 Penn. St., 475; Ingalls v. Dennett, 6 Greenl., 79; Shepard v. Ogden, 2 Scam., 257; Kimble v. Cummins, 3 Met., (Ky.) 327; Hatchett v. Pegram, 21 La. An., 722; Winkley v. Foye, 33 N. H., 171; McDaniels v. Robinson, 26 Vt., 316.*

*H. F. Severens*, for defendant in error.

COOLEY, J.

The exception in this case, to the whole charge, and to each and every part and paragraph thereof, is one which, under the decision in *Danielson v. Dyckman, supra, p. 169,* we cannot consider. There are, however, some specific exceptions upon which the plaintiff in error is entitled to be heard. The most important relates to the right of the defendant to retain certain moneys left with him by the plaintiff, and to apply them on notes which he had signed as surety for the plaintiff.

The money, it seems, was left with the defendant after he had thus become surety, and it must be assumed, for the purposes of this exception, that the deposit had nothing to do with the suretyship. Afterwards, however, but before the notes fell due, the defendant claims to have been authorized by the plaintiff, to pay them with the money so deposited. The plaintiff, on the other hand, claims, that if any such authority was given, it was revoked before payment was made, and that he made demand upon the defendant for the money, which was refused. The circuit judge charged the jury that, if at the time the defendant received the money, or at any time thereafter, it was understood between the parties, that the defendant should apply the money in

discharge of the notes, and the defendant agreed to do so, the plaintiff could not revoke such agreement; that the fact of the defendant's suretyship would be a sufficient consideration to support such a contract.

The plaintiff insists that this charge was erroneous, and he refers us to authorities which hold that a party who thus deposits money to be delivered to, or appropriated for, the benefit of a third person, has a right to countermand the direction or appropriation, at any time before it has been actually delivered or appropriated. Those cases were, doubtless, correctly decided, but they do not exactly meet the case before us.   The important fact of suretyship was not involved in them; and that, perhaps, may prove to be a circumstance of the highest importance.

Had the money been put into the defendant's hands as security to him for signing the notes, there could be no doubt of his right to retain it until released from his liability. In such a case there could have been no question of the sufficiency of the consideration.   But although not done at the time, the fact of the liability would have constituted ample consideration for any subsequent arrangement which contemplated security to the defendant, or release from responsibility.   If, for instance, the plaintiff had assigned property to secure the defendant (*Stevens v. Bell, 6 Mass., 339*); or had executed a power of attorney, empowering the defendant to receive or collect money for the like purpose (*Walsh v. Whitcomb, 2 Esp., 565*); it could not be doubted that the arrangement would be one he could not, at discretion, revoke afterwards.

And we cannot see that the case of money in his hands, which he is directed to make use of in release of his liability, can rest on any different principle.   If he assents, expressly or by implication, to the direction; if he accepts

the trust and agrees to discharge it; his suretyship is sufficient to give validity to the arrangement.

A note given to sureties, in consideration of their contingent liability, and of their promise, express or implied, to pay the debt, has been held to be upon good and valuable consideration.—*Cushing v. Gore, 15 Mass., 73; Swift v. Crocker, 21 Pick., 242.* If these cases are correctly decided, as we think they are, the ruling complained of in the present case is sustainable by them.   Here was the same contingent liability, and the assent of the defendant to the direction given him to make payment on the notes, was binding on him as a promise.   To entitle either party to change - the arrangement afterwards, would require the . assent of both.

The refusal of the court to charge as requested by the plaintiff, as regards a certain item of set-off, presents a question arising under the statute of limitations.   The transactions upon which the plaintiff counted, took place in 1869.   The defendant made a claim of certain set-offs, originating in 1865, 1868, and 1869.   He also was allowed, under objection, to prove that - plaintiff boarded with him in 1858.   The plaintiff requested the court to charge the jury that, unless they should find that, during the time that elapsed between the years 1858 and 1865, there were mutual accounts between the parties, then the claim of defendant for board in 1858, could not be allowed.   This request was refused.

It was urged on the part of defendant, that this refusal, whether correct or not, could have done plaintiff no harm, inasmuch as no evidence was given showing the value of the board in 1858, and therefore the jury could have allowed nothing for it, and that, in fact, it is apparent from the record, that no allowance . was made.

But the record does not distinctly show that no evidence of the value was given, nor have we any means of determining how the jury made up their verdict. It is probable that no allowance was made for this item, but as we think the refusal was erroneous, the judgment should be reversed, unless we can clearly see that no injury was done the plaintiff. This we cannot see upon this record. This is not a case of mutual accounts, renewed after a suspension for a period; if it were, the case might, perhaps, be different.

The court would not have erred in awarding costs to the defendant, if the other rulings had been correct. The plaintiff recovered less than one hundred dollars, but he claimed costs on the ground that, having established his demand, it was reduced by a set-off of the amount paid by the defendant on the notes. But that was clearly not a set-off. It was a sum paid out of and in reduction of the very sum for which he brought suit; and was not a separate demand in favor of the defendant.

For the error above specified, the judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.