### James R. Hollywood v. Alfred Reed.

*No cure, no pay—Patient's solvency—Statute of limitations—Open account.*

1. One's financial condition is irrelevant to the question whether he had bargained with a doctor on the " no cure, no pay " basis.

2. A payment made upon the same day with the last of a series of charges will render the whole account open and mutual, so as to take previous charges out of the statute of limitations.

3. A judge's omission, while calling attention to the conflict in testimony as to a disputed payment, to state what effect the truth·of either statement would have in respect to the operation of the statute of limitations was error warranting reversal, if he had been properly requested to charge that the items of plaintiff's claim were barred, unless renewed by the payment.

Error to Wayne.   (Jennison, J.)   Oct. 22.—Nov. 19.

Assumpsit.   Defendant brings error.   Reversed.

*Wm. B. Jackson* for appellant.

*Albert J. Chapman* for appellee.

Champlin, J.   The plaintiff is a physician of twenty-five years' practice, in the city of Detroit.   On the first day of February, 1884, he commenced an action before a justice of the peace to recover a bill for medical advice, medicines and professional services rendered to defendant, and to a Mrs. Jackson at defendant's request.   The defendant demanded

a bill of particulars, which was furnished and showed an account of twenty items, the first under date of December 17, 1877, and the last, February 25, 1878. It also contained an item under date of July 1, 1878, for getting three witnesses for defendant, and at his request; and also a credit of six dollars cash, under date of February 28, 1878.

The defendant pleaded the general issue, and gave notice of set-off and the Statute of Limitations.

The plaintiff testified in his own behalf, and gave evidence tending to support his bill of particulars, which, without interest, amounted to $66.50. He also testified to the payment of the item credited as cash, under date of February 25, 1878.

The defendant testified in his own behalf, and denied requesting plaintiff to attend professionally upon Mrs. Jackson, admitted that the doctor had treated him, but testified that it was under a special agreement to the effect that the doctor was to cure him for twenty-five dollars and "no cure, no pay," and that the doctor did not effect a cure. He also denied having paid six dollars to the doctor.

The credit to be given to these witnesses, and the weight to be given to their testimony, was, by the court, very properly left to the jury. He instructed them that if they believed the plaintiff's testimony their verdict should be for him ; and on the other hand, if they believed the defendant's testimony they should find for the defendant. He also charged them relative to the preponderance of testimony, and that the affirmative of the issues involved must be established by a preponderance of testimony.

The defendant's counsel requested the court to charge the jury as follows :

*First.* That the items of plaintiff's account prior to February 1, 1878, are barred by the Statute of Limitations, unless the same were renewed by the payment of February 25, 1878.

*Second.* That the burden of proof is with the plaintiff to show such payments.

*Third.* That if the jury find that defendant was responsible, and plaintiff neglected to call on him for this account for nearly six years, they may take that fact into considera-

tion in determining whether plaintiff's services were rendered under a special agreement, to wit, "No cure, no pay," or not.

The third request was based upon testimony offered, but excluded by the court. Defendant's counsel asked the defendant the following question: "What were your pecuniary circumstances at the time of the making this account, and afterwards?" The question was objected to and excluded as immaterial. The defendant offered it as a circumstance to corroborate his testimony, and establish the fact that there was a special bargain of "no cure, no pay." The proposed testimony was entirely irrelevant to such issue, and had no tendency to prove such bargain. Neither the great wealth nor the great poverty of the defendant would be any evidence of such special bargain. There was no error in excluding the testimony or in refusing to charge as requested. The second request was fully covered by the charge as given. The first request was proper, and unless covered substantially by the charge as made, the case must go back for a new trial.

The defendant gave notice that he should rely upon the Statute of Limitations. There were nine items on plaintiff's account that bore date, and appear to have accrued more than six years before the commencement of suit, commencing on the 17th of December, 1877, and including January 28th, 1878. The remaining charges are from February 1st to July 25th, inclusive; so that looking at the debit side of the account alone, the first nine items, amounting to thirty-seven dollars, were barred by the statute. But on the 25th of February, 1878, the plaintiff's account shows a credit of six dollars, which, if actually paid by defendant, took the whole account out from the operation of the statute. Such payment, if made, was sufficient to render it an open and mutual account, so as to prevent the remedy thereon being barred by the Statute of Limitations. *Payne v. Walker* 26 Mich. 60; *Chamberlin v. Cuyler* 9 Wend. 126.

The point of contention, then, was whether this item of six dollars had actually been paid or not. The plaintiff testified that the defendant paid him the six dollars on account, and that he credited it to him at the time, and that the item of

credit was correct. The defendant as positively testified that he never paid plaintiff the six dollars credited to him, or any other sum. This evidence should have been submitted to the jury under instructions that if they found that this credit of six dollars had not in fact been paid, then all items of the account prior to the first day of February, 1878, were barred by the statute, and no recovery could be had therefor.

In looking into the instructions we do not find this point covered by the charge of the court. He calls the attention of the jury to the contradictions between the testimony of the parties, and gives them proper instructions with reference to the burthen of proof and weight of testimony; but he nowhere calls their attention to the facts as bearing upon the defense of the Statute of Limitations. What he said with reference to the payment of the six dollars is this: "If you believe the defendant paid him six dollars on account, the payment of the six dollars would be evidence showing admissions by the defendant that he did owe the plaintiff something, or he would not pay him anything. The defendant denies that he paid him six dollars, and then you have the contradiction again; the plaintiff says he did pay him six dollars, and he credited it to him on account, so that you have the contradiction again; the one says, 'You paid me six dollars,' and the other says, 'I did not.'" And, after reviewing the testimony somewhat at length, he concludes as follows:

"So, gentlemen, to go right back, the plaintiff sues on a professional bill. The bill is not disputed; that is, that the services were rendered, or the amount. The defendant says, you agreed to make no charge if there was no cure, and it is not disputed that there was not any cure. The main point is, then, who you will believe. If you believe the plaintiff, you will find a verdict for the plaintiff. If you don't believe the plaintiff, but believe the defendant, on this point of the twenty-five dollars, then your verdict will be for the defendant on that point. Then the next point is as to this woman. It is not disputed by the doctor rendering some services, but the defendant says that she paid him at the time. Doctor denies it. Next, about this set-off. These are the three facts in this cause, and it all depends on what weight you attach to the evidence of the plaintiff and defendant on these

particular questions.  If you find, gentlemen, for the plaintiff, the plaintiff claims sixty-six dollars and some cents—$60.56—with interest, $26.30, making $86.86.  That is, if you believe the plaintiff's story ; and, after all, it all depends on whom you will believe."

It is proper to remark that the set-off referred to by the learned judge was an item testified to by defendant, under his notice of set-off, for services performed at defendant's request in getting bail for plaintiff.

It will be seen that the learned judge excludes from the consideration of the jury the fact as to whether the six dollars had been in fact paid ; and if not paid, the items prior to six years before commencement of suit would be barred. He gave them no instructions bearing upon this point.

For this error the judgment must be reversed and new trial granted.

The other Justices concurred.