JAMES M. HOLLYWOOD v. ALFRED REED.

[See 55 Mich. 308.]

*Amendment of bill of particulars—Cross-examination of impeaching witness—Judicial discretion—Comments on excluded testimony.*

1. A doctor, suing for professional services, filed a bill of particulars including a credit which, if true, made the account an open one and barred the statute of limitations. On a second trial he obtained leave to amend his bill by adding another credit of later date than the last debit item. *Held*, that leave should not have been granted, and that it was proper to exclude proof of the credit, which could not have had any effect on the statute of limitations.

2. Where the defense to a suit on a doctor's bill is that he was to have no pay if he made no cure, the nature of the disease is an immaterial fact. And the records of defendant's divorce proceedings are irrelevant to the case and incompetent to prove his moral turpitude.

3. Cross-examination of an impeaching witness to show that he is himself disreputable may be restricted in the discretion of the trial judge, and was *held* to be properly excluded where the offer was to show that he was a procurer and blackmailer.

4. Witnesses to character, testifying in rebuttal of impeachment, may properly be limited to the number of impeaching witnesses.

5. A trial judge must restrain counsel from commenting on testimony that has been excluded, if objection is made to such comments.

Error to Wayne. (Jennison, J.) April 7.—June 10.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Chapman & Smith* for appellant.

*William B. Jackson* for appellee.

CHAMPLIN, J. This action is brought to recover the amount claimed to be due to plaintiff as a physician. The defense interposed a plea of the general issue, with notice of set-off and statute of limitations. On the trial the plaintiff was sworn in his own behalf, and testified to the nature of the services, the time when rendered, and their worth. A portion of the items of the plaintiff's account originated more than six years before suit. In his bill of particulars the plaintiff credited, under date of February 25, 1878, an item of cash paid by defendant to plaintiff of six dollars. The suit originated in justice's court, and the pleadings were there made.

It has been twice tried in the circuit, and on the second trial plaintiff asked leave to amend his bill of particulars, so as to credit defendant under date of September 9, 1879, by one load of wood delivered to William Matson for plaintiff, $2.50. This he was permitted to do, against defendant's objection; but when proof was offered by plaintiff to sustain this item, it was objected to, and excluded; and the rulings upon this subject constitute the plaintiff's first, third, fourth, fifth, sixth, seventh and eighth assignments of error. We do not think the court should have allowed plaintiff to amend his bill of items in the manner he did at that stage of the case; but there was no error in excluding testimony relative to this item of credit. It did not injure the plaintiff. It was

more than a year and a half after the first item of credit, and long after the last item of debit, in his account. It never had been credited to defendant until after the first trial in the circuit, and if proved would not have operated to arrest or prevent the running of the statute.

The defendant admitted that he had been treated by the plaintiff, but testified that it was under a special agreement that the plaintiff was to cure him for twenty-five dollars, or, in case he failed to do so, he was to receive no pay; and that he had failed to cure him.

The disease with which the defendant was afflicted was not material either under the plaintiff's or defendant's theory of the case. The material question was whether the plaintiff had effected a cure. The record of the divorce proceedings between the former wife of defendant and the defendant, was rightly rejected. It was entirely irrelevant, and did not tend to establish the fact that the plaintiff had rendered the services charged for, or that he had not made an agreement such as was claimed by defendant. . It was also incompetent as evidence of defendant's moral turpitude. It follows that the ninth, tenth and eleventh allegations of error are not well assigned.

The sixteenth assignment of error relates to the cross-examination of an impeaching witness. The question excluded was put to show that the impeaching witness was not himself a person of reputable character, and objection was made by defendant; whereupon plaintiff's counsel stated to the court what he expected to prove, in effect that the witness had been a procurer for years, and a blackmailer. Considerable latitude is always allowed to counsel in the cross-examination of impeaching witnesses, in order to enable the jury to place a just estimate upon the weight to be given to their testimony, but the extent to which it may go is always in the discretion of the court, and unless there has been an abuse of discretion we cannot condemn the ruling. In this case, after the statement made of what the plaintiff's counsel proposed to show by the cross-examination of this witness, we agree that the ruling of the court was eminently proper. Indeed,

had he permitted such collateral matters to have been gone into, as proposed by the plaintiff's counsel, it would have been a just cause for exception by defendant's counsel. The seventeenth, eighteenth and nineteenth assignments of error are without merit. The twelfth and twentieth relate to the conduct of the court upon the trial, which the plaintiff's counsel claims operated to the prejudice of his client. From a careful examination of the record we do not perceive that the conduct of the court is open to that construction. The misconduct alleged consists in ordering the counsel for the plaintiff to proceed with the case in the absence of his witnesses, and in refusing to await their arrival, which was momentarily expected, and in ordering him to close his case and go to the jury.

In the forenoon of the second day of the trial the defendant had placed four witnesses upon the stand, who swore that the reputation of the plaintiff for truth was bad, and then rested his case. The defendant then placed four witnesses upon the stand who supported the plaintiff's character for truth and veracity, and that they would believe him under oath. Adjournment was then had for an hour and a half for dinner, and upon the convening of the court, the plaintiff offered in evidence the enrolled decree for divorce, which, on objection, was excluded. Another witness was then called in support of plaintiff's character for truth, after which it appears that the court requested the plaintiff's counsel to proceed, when he announced that there were several important witnesses almost at the door of the court-room, and asked the court to wait not over five minutes; that they had not expected this attempt at impeachment, and would not delay. The court inquired if his witnesses were in court. Counsel replied: "No; but I am informed that they are on the way, and almost at the door of the court-room." The court then said: "I order the case to go on." Counsel for plaintiff then explained that he had no witnesses present. Some further contention then arose between court and counsel, the court ordering counsel to go to the jury, and the counsel refusing to do so; and he thereupon called Henry Starkey as a wit-

ness, who testified in support of the plaintiff's character; and also two other witnesses to the same effect. Plaintiff's counsel was then sworn as to computation of interest.

In looking at the contention between counsel and court it will be seen that the delay was asked to enable plaintiff to bring forward sustaining witnesses as to his character. It had been attacked by four witnesses. He had already introduced five witnesses to sustain it. When impeaching testimony is given of general character for truth, the number of impeaching and sustaining witnesses which will be allowed to be introduced is in the discretion of the court, and is generally limited to an equal number on each side. Here the plaintiff had already exceeded the number introduced by the defendant, who had given testimony tending to impeach the plaintiff's character for truth. There appears no reason, then, as the case stood when the court requested plaintiff's counsel to proceed, why he should not have sworn himself as a witness as to his computation of interest, and closed his case. Certainly it cannot be claimed that there was anything arbitrary or an abuse of discretion in ordering the case to proceed. The situation of the case did not justify plaintiff's counsel in insisting upon further delay. He did not claim that he had rebutting testimony other than that of a sustaining character, and therefore it resolved itself into the simple question under his request whether the court would delay the trial for the arrival of further witnesses of that kind. We think he was not obliged to do so.

In his argument to the jury the plaintiff's counsel alluded to the defendant's character as developed in the divorce proceedings, when the defendant's counsel objected, inasmuch as they were ruled out of the case; whereupon the court said : " The counsel must not allude to that record or what is in it. This is being repeated too often." At which the defendant's counsel took exception to the interruption of the court. This exception of defendant's counsel was uncalled for. It was the duty of the court, on objection being made to counsel, in his argument to the jury, commenting upon testimony which had been excluded, to admonish counsel not to comment upon

testimony which had been excluded from their consideration, and we have no doubt that he has sufficient power and authority to compel obedience to his order in that respect if necessary; and certainly if counsel in the heat of argument should so far forget themselves as to pass beyond the limits of propriety in that respect, they ought not to consider it indecorous or misconduct in the court to call their attention to the fact.

The questions in the case were purely questions of fact, and were submitted to the jury under a fair and impartial charge; and there being no error of law in the record,

The judgment rendered upon the verdict is affirmed.

CAMPBELL, C. J. and SHERWOOD, J. concurred.