CLARK R. CRANE v. EUNICE ABEL.

*Statute of limitations—Acknowledgment of indebtedness.*

A debtor, being applied to to pay an *open* account which would soon outlaw, asked for four months' time in which to procure proof of certain alleged offsets, which was granted on her signing on the creditors' book the following writing, properly dated: "I extend this book-account four months from April 30, 1886."

*Held,* equivalent to an acknowledgment of the validity of the account, and that it would mature in four months.

Error to Shiawassee. (Newton, J.) Argued October 4, 1887. Decided October 13, 1887.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*John T. McCurdy* (*Hugh McCurdy,* of counsel), for appellant.

*Watson & Chapman* and *Selden S. Miner,* for defendant.

CAMPBELL, C. J. Plaintiff, in 1879 and 1880, had charged in his books certain items furnished on defendant's credit for material used in her house. In the spring of 1886, on April 22, shortly before the statute would have run against all of the items, plaintiff applied to defendant, and told her he would have to sue her at once unless it was settled. She answered, "Go ahead; if you get a judgment you can't collect it." During the conversation, she said, if she had certain papers then in her son's hands in Missouri, she could offset a portion of the account, and wanted time to get them, and, on being asked, said four months would be enough. Plaintiff asked if she would extend the account for four months from April 30. She then signed this writing in the book:

"PERRY, April 22, 1886.
"I extend this book account four months from April 30, 1886."

Not paying it, a suit was brought, and she pleaded the statute of limitations. The circuit court held this writing was not a sufficient acknowledgment to take the case out of the statute.

In this we think the court erred. This writing must mean something. It was executed upon a sufficient consideration, and was for a valuable purpose,—to avoid a lawsuit, and gain time to procure evidence of set-off. In our opinion, it was equivalent to an acknowledgment that this debt was valid, and would become due in four months. It means this or it means nothing. An offset is not a reduction of the debt, but a cross-demand, and there is nothing in the parol testimony to change, if it could change, the effect of the written agreement.

The question is merely one of construction, and needs no elaboration. We can see no ambiguity in the writing.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.