RUMSEY *v.* SETTLE'S ESTATE.

LIMITATION OF ACTIONS—ACKNOWLEDGMENT OF DEBT.

Within six years after one indebted on notes of different dates had promised by letter to pay the creditor "every cent" he owed, he wrote a second letter to the creditor, stating that he would like to fix the matter up by giving a new note, and inquiring as to what sum in cash, in case the creditor should consider a note worthless, he would take to balance all the debtor owed. *Held*, that, under 2 How. Stat. § 8725, the letters operated to keep the cause of action alive, as to all of the notes, for six years from the date of the last letter.

Error to Montcalm; Davis, J. Submitted May 9, 1899. Decided June 5, 1899.

Chauncey J. Rumsey presented a claim against the estate of Robert C. Settle, deceased, for the amount of six promissory notes. The claim was allowed by the commissioners as to one of the notes only, and claimant appealed to the circuit court. From a judgment for claimant for the entire amount, on verdict directed by the court, defendant brings error. Affirmed.

*Frank A. Miller* and *Morse & Locke*, for appellant.

*L. C. Palmer* (*George E. & M. A. Nichols*, of counsel), for appellee.

MOORE, J. In the circuit court a verdict was directed in favor of the claimant by the circuit judge. The defendant brings the case here by writ of error. A number of errors are assigned, but, in our view of the case, a disposition of one of them disposes of the case. Prior to 1890, Mr. Settle was a resident of Ionia county. In 1890 he entered into the employ of the Wagar Lumber Company, and removed with his family to Alabama, where he died in 1897. It is claimed by defendant that Mr. Settle always intended to return to Michigan, so that he did not lose his domicile here; while it is asserted by claimant that he lost his domicile in Michigan, so as to suspend the running of the statute of limitations against his debts. Prior to going to Alabama, Mr. Settle had given six notes, which were owned by Mr. Rumsey. The first of these notes came due January 3, 1885. The last one matured October 4, 1897. When presented as a claim against the estate of Mr. Settle, all of them had outlawed except the last one, unless the statute of limitations was suspended by the absence from the State of Mr. Settle, or unless the following letters were such an acknowledgment of the debt as to prevent the running of the statute. The last note was allowed by the commissioners on claims. The circuit judge bases his action in directing a verdict upon the letters. They read as follows:

"Muir, Mich., August 12, 1889.
"Mr. C. J. Rumsey. .

"*Dear Sir:* I have not seen you, so I will drop you a few lines, and say to you that, as far as my matters are with you, they are all right, and I shall wipe out the most of it this fall. I am having a little trouble with Mr. Town, but, as soon as that is through, you will get some money. I will say this: That every cent I owe you will be paid. I shall get the Wilbur matter fixed up next week, and you will get what is due you there. Thanking you for your patience with me, I remain,

"Yours respectfully, '
"R. C. Settle."

"Wagar, Ala., April 18, 1893.
"Chauncey J. Rumsey.

"*Dear Sir:* When I was at Muir last year, I fully expected to fix matters with you in some way, but there was no chance for me to do so, for I did not collect a cent that I expected, and probably never will. Now, what I was going to write is this: I am working for the Wagar Lumber Co., and getting a good, fair salary, but, after paying living expenses, and my wife goes home summers, there is but little left. Now, I owe the Ionia County Savings Bank $300, with L. N. Olmstead as indorser, and I owe H. R. Wagar about $400, and I owe you. Now, I want to fix your matter up in some way; that is, give you a new note, or, if you think a note worthless, what will you take in cash, and balance all I owe you? I have not said anything to H. R. W., but, if you make it low enough, maybe I could get him to lend it to me, and add to his note against me. After I hear from you, I will speak to him. Yours truly,

"R. C. Settle."

And written on margin of letter:

"Rumsey: Put this down as low as you can, for I am afraid it will be more than he would be willing to lend me without any security, and I have none to give him."

Objection was made to the admission of the first letter, because it was written more than six years before the claim was presented against the estate.

The provisions of the statute are as follows:

"In actions founded upon contract, express or implied,

no acknowledgment or promise shall be evidence of a continuing contract, whereby to take a case out of the provisions of this chapter, or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing, signed by the party to be charged thereby." 2 How. Stat. § 8725.

None of the notes, at the time this letter was written, were outlawed.   The letter contains an acknowledgment of the debt, and a promise "that every cent I owe you will be paid," and we think it clearly would prevent the running of the statute for six years from the time it was written.   This would carry the time forward until August 12, 1895, more than two years after the last letter was written. ˙Did˛ the writing of the last letter, under these circumstances, renew the debt?   Mr. Settle owed Mr. Rumsey not simply the amount due on one note, but the amount due on all of them.   Under these circumstances he writes:

"When I was at Muir last year, I fully expected to fix matters with you in some way. * * * Now, I owe the Ionia County Savings Bank, * * * and I owe you.   Now, I want to fix your matter up in some way; that is, give you a new note, or, if you think a note worthless, what will you take in cash, and balance all I owe you?"

Can there be any doubt this referred to all the notes, and that Mr. Settle recognized he still owed them and desired to pay them?

The decisions are somewhat conflicting as to what the writing must show.   1 Wood, Lim. § 68, states the rule as follows:

"*Present theory:* It may now be said that the theory of acknowledgment is settled as to simple contracts on the principle that there is required either an express promise to pay the debt, or an absolute admission of indebtedness from which a promise to pay may naturally be inferred, which new promise is sufficiently supported by the consideration of the past debt; and a clear admission of a debt being evidence, if unrebutted, of a new promise to pay

sufficient to avoid the statute, it follows that three questions will usually arise as to any alleged acknowledgment: *First*, is there an admission of the debt in question? *second*, is such admission narrowed by any qualification which rebuts the presumption of a promise, or subject to any condition on the fulfillment of which the implied promise is dependent? and, *third*, if there is a condition, has it been satisfied? On the first question there is considerable liberality in construing a reference to a debt as an admission. Thus, where the admission was in the following terms: 'I am ashamed the account has stood so long,' it was held to be a good acknowledgment. *Cornforth* v. *Smithard*, 5 Hurl. & N. 13. In another case the debtor wrote as follows: 'I hope to be in Hampshire very soon, when I trust everything will be arranged with W. [the creditor] agreeable to her wishes;' and this was held a sufficient acknowledgment. *Edmonds* v. *Goater*, 15 Beav. 415. And in a later English case the two following letters, written by the defendant, were held sufficient to prevent the operation of the statute, although in fact no account was sent in, in compliance with the request in the letters. *Quincey* v. *Sharpe*, 1 Exch. Div. 72. The letters were as follows:

"'January 13, 1872.

"'Mr. Quincey.

"'*Sir:* I shall be obliged to you to send in your account made up to Christmas last. I shall have much work to be done this spring, but cannot give further orders until this be done.

"'I am, sir,

"'Your humble servant,

"'J. Sharpe.'

"'February 19, 1872.

"'Mr. Quincey.

"'*Sir:* You have not answered my note. I again beg of you to send in your account, as I particularly require it in the course of this week.        To oblige, sir,

"'Yours, etc.,

"'John Sharpe.'

"Thus it will be been that an admission of the debt will be sufficient, although the exact amount payable is disputed, or remains to be proved."

The letter of April 18, 1893, meets all the requirements of the statute. See *Ten Eyck* v. *Wing*, 1 Mich. 40;

*Crane* v. *Abel*, 67 Mich. 242; *In re King's Estate*, 94
Mich. 411; *Chidsey* v. *Powell*, 91 Mo. 622 (60 Am. Rep.
267); *Wilcox* v. *Clarke*, 18 R. I. 324; *Lang* v. *Gage*,
66 N. H. 624; *McNear* v. *Roberson*, 12 Ind. App. 87;
*King* v. *Davis*, 168 Mass. 133; *Hill* v. *Hill*, 51 S. C. 134;
*First Nat. Bank* v. *Woodman*, 93 Iowa, 668 (57 Am. St.
Rep. 287); *Walsh* v. *Mayer*, 111 U. S. 31; *Howard* v.
*Windom*, 86 Tex. 560; *Woodbridge* v. *Allen*, 12 Metc.
(Mass.) 470; *Mitchell* v. *Clay*, 8 Tex. 443; *Custy* v. *Don-
lan*, 159 Mass. 245 (38 Am. St. Rep. 419).

The judgment is affirmed.

The other Justices concurred.