### HEBINGER *v.* ROSS.

1. LIMITATION OF ACTIONS—ACCOUNT CURRENT—EVIDENCE.

   In an action for the price of logs delivered to defendant under special contract which provided among other things for payment on receipt of scale bills, defendant, who was not proved to have kept an open account with plaintiff but who sent a final statement and check for

the balance that defendant claimed to be due, could not be held liable as on an account current more than six years after the last item of credit upon the indebtedness as shown by defendant's statement of the amount due.

2. SAME—MEMORANDUM ACKNOWLEDGING LIABILITY.

A statement in writing signed by defendant showing the several items of the account as contended by defendant, differing, however, in amount from the sum claimed to be due by plaintiff whose claim as to the provisions of the contract were at variance with defendant's and with said statement, was not a sufficient acknowledgment of liability to extend the period of the statute of limitations.

3. SAME.

An express denial that a contract is continuing cannot be treated as an admission of its continuance.

Error to Bay; Collins, J. Submitted January 28, 1913. (Docket No. 35.) Decided May 28, 1913.

Assumpsit by Frederick Hebinger against John C. Ross and another for goods sold and delivered and on a special contract. The court directed a verdict for plaintiff for less than the amount claimed. Plaintiff brings error. Affirmed.

*Frank S. Pratt,* for appellant.

*Stoddard & McMillan,* for appellees.

Under date January 24, 1905, the defendants wrote to the plaintiff a letter in which they offered to take—

"What beech and soft maple sawlogs you may have on the Gladwin Branch of the M. C. R. R. estimated at about three or four train loads, at the price of $7.50 per M. feet f. o. b. cars at Nine-Mile station. It is understood that these logs are to be sound, smooth, straight body logs, and to be 8 inches and up at the small end. Same to be loaded with at least 2,500 feet to the car. We will accept railroad scale as a basis of settlement on these logs, and are (will) pay by cash on receipt of scale bills. These logs are to be loaded during the next two months."

At the bottom of this letter, plaintiff wrote: "Accepted" and signed, "F. Hebinger & Co." Pursuant to this contract, plaintiff shipped 74 car loads of logs to the defendants, beginning January 27, 1905, and continuing to March 16, 1905. Under date April 6, 1905, defendants wrote to plaintiff the following letter:

"Herewith inclosed we hand you our check No. 1829 for $2.54 in full payment of lumber and logs bought of you per inclosed statement dated April 1st. We think you will find this statement correct. Kindly acknowledge receipt and oblige."

With this letter went defendants' check for $2.54 as stated, as well as a statement of logs delivered, reduced to board measure, in which the plaintiff is credited with 169,979 feet of lumber of the value of $1,912.24 and charged with cash and other items amounting to $1,909.70. Defendants' check was returned to them; plaintiff claiming that a larger sum was due him.

This suit was begun in the circuit court for the county of Bay by summons, issued March 31, 1911, delivered to the sheriff on the same day, and served on both of the defendants April 1, 1911. The declaration contains the common counts in assumpsit and a special count for the price and value of 200,000 feet board measure of sawlogs sold and delivered by the plaintiff to the defendants at $7.50 per thousand, pursuant to the contract already referred to. The particulars of the plaintiff's demand as set forth in a bill of particulars filed in said cause are a charge against defendants for 180,000 feet of sawlogs at $7.50 a thousand, amounting to $1,350, with credits to defendants of $923.37, and a claim for interest upon the balance at 5 per cent. from April 1, 1905. The plea was the general issue with a notice of various special defenses, among them the one that the cause of action mentioned in the declaration did not accrue to plain-

tiff at any time within six years next before the commencement of suit.

When plaintiff rested his case, defendants asked for a peremptory instruction to the jury, and the motion was granted; a verdict for $2.54 (interest upon which was waived by plaintiff) being directed and judgment entered on the verdict. Motion for a new trial was made and was denied. This ruling and direction of the court and the refusal of the court to grant a new trial are assigned as error.

It is conceded that the claim sued upon is barred by the statute of limitations unless saved by the letter of April 6th and the statement of account inclosed therewith and the check for the balance of the account according to the statement. It is noted that plaintiff testified concerning the return of the check:

"The gist of the talk in part at least was that I claimed they owed me more, and they claimed that covered all they owed me."

Appellant contends: (1) That the account between the parties was a mutual account current, of which account the last item should be and is the payment or tender of payment by check on the 6th day of April, 1905, for which reason the statute had not run against the claim under the provisions of 3 Comp. Laws, § 9732; (2) that the statement rendered to the plaintiff by the defendants with their letter of April 6, 1905, together with the check accompanying it, was an acknowledgment, in writing, of the existence and obligation of the contract sued upon within six years before the commencement of suit under the provisions of 3 Comp. Laws, § 9740.

The sections of the statute already referred to will be read with 3 Comp. Laws, § 9728, which provides, generally, that all actions of assumpsit founded upon any contract or liability, express or implied, shall be commenced within six years next after the cause of action shall accrue and not afterwards. If the suit be

begun to recover the balance due upon a mutual and open account current, the cause of action is deemed to have accrued at the time of the last item proved in said account (section 9732), and if a promise or an acknowledgment is relied upon as evidence of a continuing contract, whereby to take a case out of the provisions of the statute, or to deprive any person of the benefit thereof, such acknowledgment or promise must be in writing, signed by the party to be charged thereby (section 9740).

OSTRANDER, J. *(after stating the facts)*. 1. Was this suit begun to recover upon a mutual and open account current? It does not appear that plaintiff opened or kept an account with defendants. The case made for plaintiff, at the trial, tended to prove the making of the written contract heretofore referred to; that, pursuant thereto, on various days, the first one January 27th and the last one March 16th, he loaded and sent to defendants a total of 74 car loads of logs, containing 3,375 pieces, scaling 179,130 feet, worth, at $7.50 per thousand, $1,343.47; that defendants ought to have credit for $900 paid to plaintiff in cash and for $23.37 for a freight allowance on account of some car loads containing less than the contract minimum quantity of logs. It does not appear that defendants opened or kept an account with plaintiff. They made a statement, it is true, and sent it to plaintiff; but a comparison of the two statements produced by plaintiff at the trial, one made by plaintiff and the other by defendants, does not make it clear that they relate to the same transaction. In the statement prepared by plaintiff, it is indicated that the last logs were loaded March 16th. In the statement prepared by defendants, the last credit for logs is under date March 22d. Both show the sum of $900, paid in cash by defendants and received by plaintiff. Beyond this, the statements are apparently made ac-

cording to wholly different theories. In defendants' statement plaintiff is credited with logs at various prices per thousand feet—some at $7, some at $19, and some at $8, $9 and $12 per thousand. It is true that in the statement prepared by defendants, and sent to plaintiff, in which the last items appear under date March 22d, a balance is struck and brought down, showing $2.54 due to plaintiff. Mathematically, this balance is the correct one, was the correct balance on March 22d, and until a new or further item is entered will always be the correct balance. Otherwise, it is not a *proved* item of the account.

Turning our attention to the contract sued upon, we find that plaintiff was entitled thereby to be paid for logs, in cash, *on receipt of scale bills.* There is no testimony showing when scale bills were received except that furnished by the credit which in their statement defendants gave to plaintiff. Accepting this, plaintiff's right of action accrued March 22d, and this suit was not begun within six years thereafter. See, upon this subject, *Kimball* v. *Kimball,* 16 Mich. 211, 217, 218; *Campbell* v. *White,* 22 Mich. 178, 25 Mich. 463; *Sperry* v. *Moore's Estate,* 42 Mich. 353 (4 N. W. 13). Compare *In re Hiscock,* 79 Mich. 536 (44 N. W. 947); *Lester* v. *Thompson,* 91 Mich. 245 (51 N. W. 893); *Hollywood* v. *Reed,* 55 Mich. 308 (21 N. W. 313); *Id.,* 57 Mich. 234 (23 N. W. 792).

2. Was the statement rendered to the plaintiff by the defendants, their letter of April 6, 1905, and the accompanying check, an acknowledgment of a continuing contract, within the meaning of the statute? It negatives the existence then, or at any time, of the contract sued upon and relied upon by plaintiff at the trial. We think this is a fact of importance. The present action is founded upon an express contract. The terms of the contract are asserted by plaintiff, and testimony was offered by him tending to prove the contract declared upon. The alleged acknowledgment

of defendants of former dealings of the parties is not evidence of the continuance of that contract. The provision of the statute relied upon by plaintiff applies "in actions founded upon contract express or implied." It is that "no acknowledgment * * * shall be evidence of a continuing contract, * * * unless * * * contained * * * in some writing. * * *."[1] An acknowledgment which would be evidence that a particular contract was continuing would not be evidence that another and different contract was continuing. The acknowledgment relied upon in this case is not a general acknowledgment which may be referred to any existing contract. The letter, read with the statement, and the check, refers to a particular dealing, or course of dealing, not the one sued upon. Aside from this consideration, the writings relied upon negative acknowledgment of a continuing contract. They amount, at most, to an admission that the defendants had had certain logs, or lumber, of the plaintiff, the last on March 22d, and that they owed him on that day, namely, on March 22d, a balance of $2.54.

An express denial that a contract is continuing cannot be treated as an acknowledgment that it is continuing. We have examined *Crane v. Abel,* 67 Mich. 242 (34 N. W. 658); *In re Estate of King,* 94 Mich. 411 (54 N. W. 178); *Rumsey* v. *Settle's Estate,* 120 Mich. 372 (79 N. W. 579); *Jewell* v. *Jewell's Estate,* 139 Mich. 578 (102 N. W. 1059); *McGregor* v. *McGregor's Estate,* 156 Mich. 487 (120 N. W. 1071); *Walsh* v. *Mayer,* 111 U. S. 31 (4 Sup. Ct. 260)—as well as various decisions of the courts of sister States to which we are referred by counsel for plaintiff, with the result that we think none of them supports the contention of plaintiff that the letter, statement and check of April 6th are, within the meaning of our statute, an acknowledgment, whereby to take the case

---

[1] 3 Comp. Laws, § 9740, 5 How. Stat. (2d Ed.) § 14147.

out of the provisions of the statute. We recognize the fact that some distinctions may be made between cases where an acknowledgment is made before a demand is barred by the statute and those where a promise is relied upon to revive or restore a demand barred by the statute at the time the promise is given. See *Home Life Ins. Co.* v. *Elwell,* 111 Mich. 689, 692 (70 N. W. 334), and cases cited in opinion; *Miner* v. *Lorman,* 56 Mich. 212, 216 (22 N. W. 265); *Craig* v. *Seitz,* 63 Mich. 727 (30 N. W. 347). But we perceive no reason for saying that an acknowledgment must be less distinct and unqualified than a promise made under similar circumstances; that is, if both are made before, or both made after, the demand is barred, in either case one must be as unqualified as the other. An acknowledgment that a certain sum is due is not to be treated differently from a new promise to pay a certain sum.

The judgment must be, and it is, affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.