FUERBRINGER v. HERMAN.

1. LIMITATION OF ACTIONS—MUTUAL OPEN ACCOUNT—ACCRUAL OF ACTION—STATUTES.

   Under 3 Comp. Laws 1915, § 12324, in actions brought to recover the balance due upon a mutual and open account current, the cause of action is deemed to have accrued at the time of the last item proved in such account.

2. SAME—ESSENTIALS OF MUTUAL ACCOUNT.

   It is essential to a mutual account that there be reciprocity of dealing; the items must not be all on one side; there must be mutuality.

3. SAME—DELAY IN ADDING NEW ITEMS TO ACCOUNT FOR STATUTORY PERIOD BARS RECOVERY—LAST ITEM WITHIN STATUTORY PERIOD SAVES ITEMS BEYOND.

   Where there has been a delay for the statutory period in making or adding any new items to an old mutual account, it may operate as a bar, but if the hiatus is less than the period of limitations, it will not have this effect, and if the last item is within the statutory period, it draws after it items beyond that time.

4. SAME—UNAUTHORIZED PAYMENTS ON ACCOUNT BY THIRD PARTY NOT BINDING ON DEBTOR.

   Where payments on an open account concededly were not made by defendant, and the relation of the party making them is not shown, and it does not appear that defendant authorized them, it cannot be said, as a matter of law, that he made or authorized such payments.

5. SAME—EVIDENCE—APPLICATION OF PAYMENT—DIRECTED VERDICT.

   Where, in an action on an open account, it appears that recovery for most of the items of the account would be barred by the statute of limitations unless a payment made by defendant was authorized to be applied on the old account, as claimed by plaintiff and denied by defendant, the trial court was in error in directing a verdict for plaintiff.

Error to Tuscola; Williams (William B.), J., pre-

siding.    Submitted October 24, 1923.    (Docket No. 145.)    Decided November 13, 1923.

Assumpsit by Ralph O. Fuerbringer against Peter Herman for services rendered.    Judgment for plaintiff on a directed verdict.    Defendant brings error. Reversed.

*Kinnane & Leibrand,* for appellant.

*Wixson & Quinn,* for appellee.

CLARK, J.    Plaintiff, a physician, on July 1, 1922, commenced this action to recover a bill for medicines and for services rendered to defendant, his wife, and his son.    Defendant pleaded the general issue, with notice of the statute of limitations.    Plaintiff had judgment on verdict directed by the court for the full amount of the bill and interest, $672.90.    Defendant brings error.

Plaintiff began treating defendant's wife and son in October, 1914, and continued until August, 1915. The first entry of the bill for such services and for medicines furnished is dated October 6, 1914, and the last entry therefor is dated August 20, 1915, when the total of the many items of the bill was $599.25.    No further entry appears in the bill until July 14, 1921, when there is a charge for medicine and for service rendered to defendant himself in the sum of $23.75. The total of debits therefore was $623.    The bill showed credits as follows:    July 31, 1915, $2.00; August 20, 1915, $2.00; and July 14, 1921, $1.00, total $5.00.    Balance claimed to be due, exclusive of interest, was $618.

On July 14, 1921, plaintiff called at defendant's home to collect the bill.    While there he gave defendant some medicine.    Defendant paid $1, he says, for

the medicine; plaintiff says it was to be applied on the account. Plaintiff says the total charge for that day was $23.75. Defendant says it was $6. When this $1 was paid and credit was extended for the remainder of the charge for that day, the statute of limitations had run against nearly all the items of the former account (*Hollywood* v. *Reed,* 55 Mich. 308) unless the balance on August 20, 1915, was due on mutual and open account current, and in directing a verdict it seems that the court held that it was. We quote 3 Comp. Laws 1915, § 12324:

"In actions brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account."

Whether there was a mutual and open account current on August 20, 1915, depends upon whether the payments of July 31st and August 20, 1915, were made or authorized by defendant. It is essential to a mutual account that there be reciprocity of dealing; the items must not be all on one side; there must be mutuality. Buswell on Statute of Limitations, p. 270; *Kimball* v. *Kimball,* 16 Mich. 211; *In re Hiscock,* 79 Mich. 536. Concededly, defendant himself did not make the payments of July 31st and August 20, 1915. They are said to have been made by a third party whose relation to this controversy is not shown. It does not appear that defendant authorized such payments. He, in substance and effect, denies making them. On this record it may not be said, as a matter of law, that defendant made or authorized such payments.

If it were established that such payments were made or authorized by defendant, the amount due on August 20, 1915, might be held as due on mutual and open account current (*Payne* v. *Walker,* 26 Mich. 60), and in such event an applicable rule of law respecting the

delay from August, 1915, to July, 1921, in adding items to such account is stated in 17 R. C. L. p. 730:

"Where there has been a delay for the statutory period in making or adding any new items to an old mutual account, it may operate as a bar, but if the hiatus is less than the period of limitations, it will not have this effect, and if the last item is within the statutory period, it draws after it items beyond that time."

Generally, it is held that to make a mutual account there must be charges or demands on one side to be set off against charges or demands on the other, and that charges or demands on one side and mere payments on the other do not make a mutual account. But this court has held consistently, except perhaps in *Re Hiscock, supra,* payments of money on account to be sufficient to render the account mutual. See 1 Wood on Limitations (4th Ed.), pp. 1431-1434; *White* v. *Campbell,* 25 Mich. 463; *Payne* v. *Walker, supra; Hollywood* v. *Reed, supra; Campbell* v. *White,* 22 Mich. 178; *Stoner* v. *Riggs,* 128 Mich. 129; *Goodsole* v. *Jeffery,* 202 Mich. 201 (1 A. L. R. 1057).

If on July 14, 1921, the old account was not mutual, and there is no claim that it was an account stated, and if a mutual account was opened on that day, it would not, of its own force, draw into it items then more than six years old. *Mandigo* v. *Mandigo,* 26 Mich. 349; *Lester* v. *Thompson,* 91 Mich. 245; Buswell on Statute of Limitations, p. 272; 1 Wood on Limitations (4th Ed.), p. 1432.

If on July 14, 1921, when defendant paid $1, he directed or agreed that it be applied on the total amount remaining due on the old account, and this seems to be the gist of plaintiff's testimony in that regard, a new promise to pay the debt might thereby be found. *Borden* v. *Fletcher's Estate,* 131 Mich. 220; *Lester* v. *Thompson, supra.* But defendant

denied that he paid anything on the account and that he made any such agreement or direction.    In directing a verdict this question of fact was disregarded.

There is no claim that the $1 was paid without direction as to its application, so that question will not be discussed.    Other questions presented are not likely to arise on a new trial.

Judgment reversed, with costs to defendant.    New trial granted.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.