CURRY v. RAICH.

1. APPEAL AND ERROR—VERDICT OF JURY CONTROLLING ON ISSUE OF FACT WHEN BASED ON COMPETENT PROOF.

On an issue of fact as to whether plaintiff's action on an open account was barred by the statute of limitations, the verdict of the jury, based on competent proof, is controlling.

2. LIMITATION OF ACTIONS—WHEN STATUTE BEGINS TO RUN.

Where the arrangement between defendant and a brewing company from which he purchased beer was that the company would give defendant credit for returned containers when it received a credit memorandum from the owner of. the containers, the statute of limitations began to run from the date the credit memorandum was received by the company rather than from the date of delivery of the containers.

3. TRUSTS—ASSIGNMENT TOGETHER WITH DECLARATION OF TRUST CONSTITUTE EXPRESS TRUST.

An assignment by a brewing company of all of its assets, and the execution by the assignee on the same day of a declaration of trust showing that said assets were turned over to him as a trustee for certain purposes, when construed together, *held*, to constitute an express trust.

4. PARTIES—TRUSTEE UNDER EXPRESS TRUST MAY SUE IN OWN NAME.

Under 3 Comp. Laws 1915, § 12353, a trustee under an express trust may bring an action in his own name without joining with him the party for whose benefit the action is brought.

5. APPEAL AND ERROR—FAILURE TO PLEAD SET-OFF.

Where defendant could have pleaded his claim as a set-off, but failed to do so of his own choice, he may not be heard to complain in the Supreme Court.

Error to Gogebic; Driscoll (George O.), J. Submitted October 2, 1928. (Docket No. 1, Calendar No. 33,519.) Decided December 4, 1928.

Assumpsit by George A. Curry against John Raich on open account. Judgment for plaintiff. Defendant brings error. Affirmed.

*Waples & Waples*, for appellant.

*Jones & Patek*, for appellee.

NORTH, J. This suit was instituted to recover the balance alleged to be due on an open account for the sale of beer. The plaintiff brought the suit as an assignee of the Ironwood Brewing Company; and claims that in 1915 this company entered into an agreement with the defendant whereby it sold to him beer some of which was brewed by the Ironwood company and some by the Duluth Brewing & Malting Company; that for the return of empty containers to the respective companies the defendant

was to be credited at a fixed rate; and that the credit for the empty containers returned by the defendant to the Duluth Brewing & Malting Company should be given to the defendant when the Ironwood Brewing Company received the credit memorandum from the Duluth company for each of said shipments. The last item of the account was for such a credit and was dated October 31, 1918. This suit was started October 28, 1924; and it is this last item alone which it is claimed saves plaintiff's cause of action from being barred by the statute of limitations.

The defendant denies that he purchased any beer from the plaintiff's assignor with the exception of a small quantity for personal use and for which he paid. He claims that he was employed by the Ironwood Brewing Company as its agent to deliver beer shipped to him by that company for delivery to various saloon keepers and private customers at Wakefield, Michigan, where the defendant resides. In this connection he claims that the Ironwood Brewing Company furnished a warehouse at Wakefield where the beer was stored and also furnished him with a truck, and horses and wagon with which deliveries were made, and that he was paid a salary and commission for his services. Because the prohibition amendment to the Michigan Constitution became effective April 30, 1918, the business relations between the parties were terminated. It is claimed by the plaintiff the last of the containers were returned to the Duluth company on or about October 17, 1918. Defendant not only denies that he was indebted to the Ironwood Brewing Company for the alleged balance of the account, but claims that there was due him for services rendered about $1,400. The case was tried by a jury and the plain-

tiff had a verdict and judgment for $6,700.44. The defendant reviews by writ of error and relies upon assignments in which it is claimed the trial court erred:

"(1) In refusing to hold that plaintiff's alleged right of action was barred by the statute of limitations.

"(2) In refusing to hold that the plaintiff owned the alleged cause of action, if at all, as trustee of the stockholders of the Ironwood Brewing Company and not personally.

"(3) In refusing to direct a verdict for the defendant."

From the verdict rendered it is evident that the jury accepted the plaintiff's claim that the parties stood in the relation of vendor and vendee rather than that of principal and agent. And so far as there was an issue of fact as to the plaintiff's suit being barred by the statute of limitations, the question is also foreclosed by the verdict of the jury. In his notice given under the plea of general issue the defendant claimed he was "entitled to all of the credits set forth in the plaintiff's bill of particulars," and this item credited on October 31, 1924, was one of those credits. There is testimony in the record that the defendant admitted the correctness of this item of the account. The verdict of the jury is based upon competent proof and it controls.

A question of law is presented by the defendant's claim that the credit for the returned containers was due to him at the time the containers were delivered to the Duluth Brewing & Malting Company, and under the proof the last of such deliveries was more than six years before this suit was brought. There would be greater force in this contention if the defendant had been dealing with the Duluth Brewing & Malting Company, but he was not. His con-

tractual relations were with the Ironwood Brewing Company; and one of the express arrangements between them was that the Ironwood company would give him credit on his account for returned containers when it was advised by the receipt of a credit memorandum that the Duluth company had credited the Ironwood company. The defendant was not entitled to the credit until the Ironwood company received such a memorandum. This was the method of handling these items during the whole of the three years over which the account extended. The credit was given to the defendant on the date he was entitled to it in accordance with their agreed and established method of crediting such items, and it saved the account from the bar of the statute. For a somewhat similar contract see *Hebinger* v. *Ross,* 175 Mich. 241, 246.

"In actions brought to recover the balance due on a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account." 3 Comp. Laws 1915, § 12324.

"Payments upon an account are sufficient to render it an open and mutual account so as to prevent the remedy thereon from being barred." *Payne* v. *Walker,* 26 Mich. 60; *Hollywood* v. *Reed,* 55 Mich. 308.

The claim that there was error in refusing to hold that the plaintiff should have brought this suit as a trustee of the stockholders of the Ironwood Brewing Company and not in his own personal right arises from the following circumstances: Incident to closing up its affairs, the Ironwood Brewing Company, on April 15, 1921, assigned to the plaintiff all of its "book accounts, open accounts and sums of money of whatsoever name, nature," etc., due to it,

On the same day the plaintiff executed and delivered to the Ironwood Brewing Company a declaration of trust showing that the assets of the Ironwood Brewing Company were turned over to him as a trustee for certain express purposes. The assignment and declaration of trust of the same day when construed together clearly constitute an express trust. The Michigan statute, 3 Comp. Laws 1915, § 12353, provides:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust  *  *  * or a party expressly authorized by statute may sue in his own name, without joining with him the party for whose benefit the action is brought."  *  *  *

It follows that the plaintiff had a right to bring the suit in his own name. Had he so desired, the defendant could have pleaded his claim for $1,400 as a set-off. His failure to do so was a matter of his own choice, and he cannot now be heard to complain.

The questions hereinbefore considered are controlling as to the defendant's application for a directed verdict. The circuit judge was right in denying this motion.

The judgment of the lower court is affirmed, with costs to the appellee.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.