THE KENT FURNITURE MANUFACTURING COMPANY v. LOOMIS
E. RANSOM.

*Action for services—Proof of value—Quantum meruit.*

The admission of the opinion of a witness living in one place as to the value of services performed at another is not error where there is nothing to show that he did not know the value of labor at the latter place or the comparative value of wages at both.

The fact that a witness' answer goes beyond the question, is not a ground of error where it was not objected to for that reason and there was no motion made to strike out any part of it.

Where a company contracts to pay an employee "the same wages as shall be paid to other men in the employ of the company filling similar positions," and the laborer sues for compensation and there is no showing that the company had other employees in similar positions, the plaintiff is entitled to prove what his services were worth

The Supreme Court cannot consider the weight of testimony.

Error to Kent.   Submitted June 21.   Decided June 29.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Taggart & Wolcott* for plaintiff in error.

*J. W. & O. C. Ransom* for defendant in error.

MARSTON, C. J.   Ransom brought *assumpsit* to recover a balance claimed for personal labor performed under a written agreement with the plaintiff in error.   The cause was tried by the court, without a jury, and a judgment rendered in favor of the plaintiff.   The case comes here on writ of error.

The first and second errors assigned relate to the testimony of the witnesses, Jacobs and Knight, in answer to interrogatories.   The services which the plaintiff was to perform were to be rendered at Grand Rapids, in this State, while the witnesses interrogated resided at Sandusky, Ohio, and the question asked was what in their opinion the serv-

ices of the plaintiff would be worth as an assistant in the manufacture and sale of a certain bed-spring.

The specific objection pointed out on the trial was that the witnesses did not profess to know anything of the comparative value of wages at Sandusky and at Grand Rapids, nor the value of services or labor at Grand Rapids. It is a sufficient answer to say that there is nothing in the case tending to show that they did not, and at the present time, in view of the facilities for obtaining accurate information, and of traveling from place to place, we cannot assume that these men did not possess the necessary information to enable them to testify, or that there was any difference in the prices paid for, or the value of, skilled labor between the places mentioned. The form of the question was not any broader than the contract, as under it the plaintiff was employed to assist in the manufacture and sale of the patented article, and although the answers given may have gone beyond the questions asked yet no objection was made on that ground, or motion made to strike out any part thereof.

It is also claimed that this evidence was not competent, as under the written agreement the plaintiff was to be paid " the same wages as shall be paid to other men in the employ of the company, filling similar positions." The evidence is all set forth in the bill of exceptions and we do not find anything therein tending to show that the company had any other men filling similar positions, and in the absence thereof, the plaintiff was entitled to prove what his services were worth.

It is next claimed that the judgment is not supported by any evidence in the case. We are of a different opinion. There certainly was evidence tending to support the judgment, and the weight thereof we cannot consider.

The judgment must be affirmed with costs.

The other Justices concurred.