OSCAR C. LUNGERHAUSEN AND BYRON R. ERSKINE v.
CHARLES D. CRITTENDEN.

*Attorney and client—Services—Contract—Evidence.*

1. An agreement by a client to pay certain of his attorneys as much for their services to be rendered in a given case as he paid either of two other attorneys, who were connected with them in the case, is not void for want of mutuality and certainty.

2. Where the ground of an objection to the admission of testimony is not stated, a ruling admitting the testimony will not be reviewed.

3. The court is warranted in excluding testimony which would be valuable only when supported by an agreement alleged to have been made between the parties, until the proper evidence of the agreement is introduced.

4. In a suit by an attorney at law to recover for his professional services, it is competent for him to prove his character, reputation, standing, and known ability as a lawyer, as bearing upon the value of said services.

Error to Macomb. (Moore, J., presiding.) Submitted on briefs November 21, 1894. Decided December 18, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Black & Dodge,* for appellant.

*James G. Tucker,* for plaintiffs.

HOOKER, J. The plaintiffs are practicing attorneys, and brought an action for services rendered to the defendant in certain litigation wherein he was a party, and for some minor services about which no controversy appears now to exist.

The litigation referred to is for convenience called the "Gallup Case." The plaintiffs claimed that the defendant promised to pay them well for their services in the matter, —to pay them as much as he paid to Judge Baldwin or Mr. Chadwick, who were connected with the case; and the court instructed the jury that a verdict might be rendered upon that theory, if the facts were so found, and, if not, recovery might be had for the value of the services actually rendered, if the defense was not sustained. Error is assigned upon the submission of the first of these propositions to the jury, it being claimed that such contract would be invalid if made. The point made is that such contract would be void for want of mutuality and certainty as to the amount of compensation, it being urged that the amount, as well as the value of the services of Baldwin and Chadwick, were unknown, and that they depended upon uncertainties. There appears no such difficulty. In the law, that is certain which is susceptible of being made certain. If Baldwin or Chadwick should render any services, their compensation would fix the price to be paid to the plaintiffs. There seems to be no claim that they did nothing. On the contrary, this measure of the plaintiffs' compensation seems to be greater than the defendant is disposed to pay. But counsel argue that the contract was void or valid when made, and, as it might have happened that nothing was earned by either of these persons, there was a want of certainty in the contract. We need not trouble ourselves with the question of plaintiffs' rights or remedies in case of the failure of these gentlemen to render services in the case. The plaintiffs performed the service promised, and there was no dispute over the fact that the others did also. There was no legal uncertainty in this contract at its inception. Whatever of uncertainty existed was the uncertainty that might arise

from or grow out of a contingency, which might have resulted in a failure of consideration, but did not. See *Kent Furniture Manfg. Co. v. Ransom,* 46 Mich. 416.

A number of questions were raised upon the introduction of evidence, some of which may be passed with the remark that, when the ground of the objection to the admission of evidence is not stated, this Court will not review the question where the objection is overruled. *Achey v. Hull,* 7 Mich. 423; *Gilbert v. Kennedy,* 22 Id. 117; *Stevens v. Hope,* 52 Id. 66; *Merkle v. Township of Bennington,* 68 Id. 133; *Macomb v. Wilkinson,* 83 Id. 494.

Another may be disposed of upon the principle that leading questions are within the discretion of the trial court.

Upon the part of the defense, it was claimed that the services rendered in the Gallup case by the plaintiffs were rendered under an arrangement that Erskine should change work with Mr. Chadwick, who had charge of this case, Chadwick to argue a case called the "Tax Case," which Erskine is said to have had charge of for the plaintiff. It was further claimed that Erskine had guaranteed victory for the plaintiff in the tax case, but met with defeat. The defendant's bill of particulars comprises items of $132.01 for the tax sought to be recovered, and $161.65 for costs and disbursements in that case. In their brief counsel say:

"The court steadily refused to allow evidence in support of the first of these two claims."

We do not discover that they press the latter upon this hearing, though they say that the defendant's counsel, in opening his case, insisted that the work of Chadwick in the tax case was to be set off against that of Erskine in the Gallup case, and that the court then stated that such a claim was not material, though it was recognized when too late to be of use to the defendant.

The eighth assignment of error is the first which is said to involve this question. On cross-examination Erskine was asked: "What was the result of that tax suit?" The same question was asked the defendant (assignment 10). To the first of these the court suggested that it would be time to admit the testimony when some evidence of the guaranty was introduced. The court also excluded evidence of the amount expended in the tax case, and as to what court it was tried in; also certain letters from Chadwick in relation to the tax case. It should be stated that the plaintiffs' claim did not involve services in the tax case. It came into the controversy under the defendant's bill of particulars of set-off, and the claim that plaintiffs' services in the Gallup case were rendered under a special agreement that they should be turned with Chadwick. Our attention is not called to any evidence tending to show an agreement to guarantee the result of the tax case, and we are not cited to any testimony tending to show that an agreement to change work with Chadwick was made. The defendant testified upon the latter subject, saying, in substance, that Erskine wanted him to get Chadwick in the tax case, and that he went to see Chadwick, who consented to argue the case, and said that—

"'Mr. Erskine and you must look up certain testimony for me in the Gallup case;' and that was the arrangement between them. 'And now,' Mr. Chadwick says, 'I want you and Erskine to go to the register's office,'" etc.

This is the nearest he came to testifying to an agreement between Erskine and himself about the change of work. He gives more conversation with Chadwick, but that is manifestly hearsay. The testimony sought for by these questions was valueless unless it was supported by proof of the agreement, and the court was warranted in excluding it until the proper evidence was introduced.

Complaint is made that an answer was allowed to the question put by the plaintiffs' counsel:

" What is Mr. Erskine's ability as an attorney and his ability as a legal investigator?"

The question was objected to, upon the ground of incompetency, and appears to have been overruled only when counsel for the defendant stated, in answer to the court's question, that he should take the position that the services of Erskine, who had been admitted to the bar less than two years, were of much less value than those of an older practitioner. It is a well-known fact that the character, reputation, standing, and known ability of a lawyer have much to do with his clientage, and the law recognizes them as bearing upon the value of his services. It would seem to follow that they might be proved. *Phelps v. Hunt,* 40 Conn. 97; *Eggleston v. Boardman,* 37 Mich. 14; *Chamberlain v. Rodgers,* 79 Id. 219; *Kelley v. Richardson,* 69 Id. 430.

We think also that the testimony of the witness Lowell as to the value of services was admissible.

One or two other points were made, but we find no error in them, and think it unnecessary to discuss them.

The judgment will be affirmed.

The other Justices concurred.