ILLINOIS ROOFING & SUPPLY CO. *v.* AERIAL ADVERTIS-
ING CO.

1. WITNESSES—CROSS-EXAMINATION.

Where, in an action on an agreement to give a note, defend-
ant claims he sent plaintiff the note as agreed, which plain-
tiff returned, and plaintiff claims that the note sent was not
such a one as agreed upon, and was returned for that reason,
it is proper to show by cross-examination of defendant that
plaintiff demanded a note after the return of the one sent.

2. EVIDENCE—ADMISSIBILITY—LETTERS.

In an action on an agreement to give a note, it is not error to
admit in rebuttal a letter from plaintiff to defendant relative
to the subject-matter calling attention to the fact that the
agreement had been ignored, and unless it was complied
with suit would be commenced; the letter having been in
defendant's possession and produced on demand of plaintiff.

3. CONTRACTS—CONSIDERATION—EXTENSION OF TIME OF PAYMENT
OF BILL.

Evidence tending to show a want of consideration moving to
the indorser for an agreement to give an indorsed note is
immaterial and properly stricken out where the admitted
facts show that at the time the proposed indorser signed the
agreement the account was due, that the agreement extended
the time of payment, and that neither the amount of the sub-
sequent cash payment nor the note offered complied with the
terms of the agreement.

4. SAME—CERTAINTY.

The agreement of a corporation and its officers to make a good
cash payment of between $100 and $200 on its debt, and to
furnish the creditor with a note for the balance, to be in-
dorsed by a certain one of the officers, is not void for uncer-
tainty.

5. TRIAL—DIRECTED VERDICT—GROUNDS.

Whether all the reasons given by the trial judge, and his state-
ments made in arriving at his conclusion to direct a verdict,
are correct, is immaterial, where he is right in his conclusion
and properly directs a verdict.

Error to Berrien.; Coolidge, J. Submitted November 10, 1905. (Docket No. 120.) Decided January 24, 1906.

Assumpsit by the Illinois Roofing & Supply Company against the Aerial Advertising Company, Clinton G. Cribbs, and George R. Dater for goods sold and delivered. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Affirmed.

*G. M. Valentine,* for appellants.

*John J. Sterling,* for appellee.

McALVAY, J. Plaintiff, an Illinois corporation, was a creditor of defendant company, a Michigan corporation, for goods sold and delivered. There was due on account $454.54. Defendant George R. Dater was president, and Clinton G. Cribbs was secretary and treasurer, of defendant company. On December 12, 1902, defendants sent plaintiff the following agreement:

"BENTON HARBOR, MICH., Dec. 5, 1902.
"ILLINOIS ROOFING & SUPPLY COMPANY,
"Chicago, Ill.
" *Gentlemen :* In reference to that part of your account against us of invoice of June 26, 1902, amounting to $454.54, we agree to pay you a good cash payment of between $100 and $200 and to furnish you with a note for the balance and accrued interest since account was due at six per cent. per annum, this note to be indorsed by Mr. George R. Dater.
"AERIAL ADVERTISING CO.
"C. G. CRIBBS.
"GEO. R. DATER."

On December 20, 1902, defendant company sent plaintiff a draft for $95, and a 90-day note for $359.54, signed by defendant company and indorsed by defendants Cribbs and Dater. This note was returned to defendants with a letter indicating that it was not signed by Dater according to agreement, and ending with the words:

" I therefore return it and ask you to be kind enough to have him attach his signature to it."

Defendants did not return the note nor send one in place of it. Credit was given for the draft. Suit was commenced against defendants February 18, 1904, in assumpsit by declaration counting upon this agreement, with the common counts added. Defendants pleaded the general issue. Upon the trial it was admitted that plaintiff was entitled to a judgment against defendant company, and that the agreement was made and executed by all the defendants. Defendants' attorney in his opening statement further stated, among other things, that the agreement had been fully performed:

"That this is not the debt of Mr. Dater or Mr. Cribbs; that, so far as there is any claim against them, it is because they have assumed to pay the debt of some one else. We sent them a note and complied with the agreement, * * * which they declined to receive, and which they expressly returned and repudiated. Therefore we shall insist, if there is any liability at all on the part of Cribbs and Dater, it is because they didn't pay as much as $100. If the payment was only $95, perhaps those gentlemen would be bound by the amount of $5."

After the proofs in the case were closed and some discussion by counsel, the court directed a verdict for plaintiff against all the defendants for $404.44, the amount claimed. Afterwards a motion for a new trial and to amend the plea was granted, conditioned upon the payment of the costs taxed. This condition was not accepted, and Cribbs and Dater appeal to this court.

But two errors are assigned upon the rulings of the court as to admitting evidence. The first is that on the cross-examination of Mr. Dater the court erred in admitting proof of a demand for a note in favor of plaintiff, after the note defendants delivered was returned. The question was a proper one. Plaintiff was undertaking to show that defendants refused to give a note as agreed, or to return the first note. The second exception relates to admitting a letter from plaintiff to defendant Dater February 27, 1903. The letter was relative to the subject-matter, calling attention to the fact that the agreement

had been ignored, and unless it was complied with suit would be commenced. It was in possession of defendants, and, on demand of plaintiff, was produced and allowed in evidence on rebuttal. There was no error in admitting it.

It is also claimed that the court erred in striking out evidence given on the part of defendants to show want of consideration for the agreement sued upon. The admitted facts in the case show that, when defendants signed the agreement, the account was due; that the writing extended the time of payment for more than three months; that neither the amount promised to be paid nor the amount of the note complied with the terms of the agreement. Under these facts and the pleadings the court was correct in granting the motion to strike out the testimony tending to show want of consideration. The refusal of the court to give defendants' requests that the writing was without consideration and void for want of certainty was not erroneous.

Whether all the reasons given by the court and his statements made in arriving at his conclusion to direct a verdict for plaintiff were the correct ones or not is immaterial. He was right in his conclusion, and properly directed a verdict for plaintiff.

The judgment of the circuit court is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.