## McCARRON v. WHEELER.

LIMITATION OF ACTIONS—REMOVAL OF BAR — SUBSEQUENT TRANS-
ACTIONS.

> A mortgage on complainants' property being about to be fore-
> closed, defendant advanced the money to pay the amount
> due, taking a deed from complainants and giving them an
> agreement to reconvey on payment of the amount advanced,
> and subsequently complainants sold their equity in the
> lands to persons who later deeded to defendant. Five
> years later complainants filed their bill for an accounting
> claiming that at the time defendant advanced the funds
> mentioned he owed complainants more than the amount ad-
> vanced on previous transactions. *Held*, that as the previous
> transactions had no relation to the transaction relative to the
> mortgage it was not effective to remove the bar of the statute
> of limitations as to those transactions.

Appeal from Wayne; Mandell, J. Submitted Janu-
ary 14, 1908. (Docket No. 47.) Decided February 15,
1908.

Bill by Michael L. McCarron and Ellen H. McCarron
against Frank D. Wheeler for an accounting. From a
decree dismissing the bill, complainants appeal. Af-
firmed.

*E. A. Fink* and *Ronald Kelly*, for complainants.

*John H. McDonald* (*Edward S. Grece*, of counsel),
for defendant.

Complainants were once the owners of the lands in-
volved in this suit. They were covered by mortgages
amounting on March 1, 1898, to $3,674, which they were
unable to pay. They applied to the defendant for assist-
ance. Defendant let complainant Michael have the
above amount. The mortgages were discharged and
complainants conveyed the lands to the defendant by war-

ranty deed. Defendant executed to complainants an agreement reciting the transaction and agreeing to reconvey the lands to complainants upon payment of the $3,674 in one year, with interest and taxes thereon at six per cent. per annum, interest payable semi-annually. The agreement further provided that if complainants were unable to pay said amount as provided, the lands were to be sold and the money over and above the contract price to be paid to complainants.

On August 1, 1898, complainants sold and by proper conveyance assigned all their right, title, and interest in said contract to one Larrabee for $475. Larrabee subsequently conveyed the same to one Dey, and Dey and his wife by the proper quitclaim deed conveyed all their right, title, and interest by virtue thereof to the defendant. All these instruments were seasonably recorded. Complainants thereafter paid no attention to the property, paid no interest or principal, and in September, 1899, removed to the State of Massachusetts to reside. On August 3, 1904, they filed the bill in this cause, claiming that the deeds from them to the defendant were mortgages. The bill alleges also prior money transactions between complainant Michael and the defendant; that they never had a settlement of these transactions; that there is a large amount due from defendant to the complainant Michael thereon, which is sufficient to pay the amount obtained from defendant on March 1, 1898. The previous transaction between the complainant Michael and defendant began in 1892. Mr. McCarron was a contractor. In order to obtain consideration of his bids he was obliged to deposit certified checks to evidence his good faith. Not having sufficient money of his own he obtained checks from the defendant to be used for that purpose. After these checks had served their purpose they were from time to time returned to the defendant, and Mr. McCarron received credit therefor. The most of these operations occurred in 1892 and 1893. There

were two or three other subsequent transactions, all of which were prior to March 1, 1898.

On March 15, 1895, the parties had a settlement and Mr. McCarron gave to defendant a note for $4,785.93, understood then to be the amount due from Mr. McCarron to defendant. Subsequently (but at what precise time does not appear) this note with two other small ones was surrendered by defendant to McCarron in settlement of their accounts, and the fact of settlement was noted on the face of the note.

Proofs were taken in open court and a decree entered by Judge Brooke, dismissing complainants' bill. Complainants made an affidavit for rehearing based upon alleged newly-found evidence. The decree was opened for further proof and subsequently came on for hearing before Judge Mandell, who again entered a decree dismissing complainaints' bill.

GRANT, C. J. (*after stating the facts*). The complainants paid nothing to defendant upon their contract with him, and subsequently sold and conveyed all the interest they had in the lands, which, under their own theory, was only an equity of redemption. Their grantee therefore succeeded to all their interest in the lands; and that interest was subsequently acquired by the proper deed of conveyance by the defendant. They now seek to apply in payment therefor an amount which they claim is due them upon a prior transaction between defendant and McCarron. The two transactions have no relation to each other. Mr. McCarron testified that he knew a long time before he obtained the $3,674 from the defendant that there was a balance due him on their former dealings. As to that he once had a complete and adequate remedy at law. It had been barred by the statute of limitations a long time before this suit was commenced. A debt barred by the statute of limitations cannot be revived by a subsequent transaction having no relation

whatever to the former debt. It is therefore unnecessary to determine whether there was any mistake in the settlement which the parties made.

The decree is affirmed, with costs.

BLAIR, MOORE, CARPENTER, and McALVAY, JJ., concurred.