ALBERS v. POMMERENING.

1. LIMITATION OF ACTIONS—PART PAYMENT.

Theory upon which part payment tolls running of statute of limitations is that it may be supposed to imply a new promise to pay the debt but such result will not follow where payment is accompanied by circumstances which preclude such inference (3 Comp. Laws 1929, §§ 13976, 13984, 13988).

2. SAME—INDORSEMENT OF PART PAYMENT BY PAYEE INSUFFICIENT TO TOLL RUNNING OF STATUTE.

Indorsement of payments, written by or on behalf of party to whom payment is made, are insufficient proof of payment to toll running of statute of limitations, it being necessary to show part payment by debtor or his authorized agent (3 Comp. Laws 1929, §§ 13976, 13984, 13988).

3. SAME—PART PAYMENT—EVIDENCE.

Proof of part payment, in order to toll running of statute of limitations, must be clear and decisive of payment (3 Comp. Laws 1929, §§ 13976, 13984, 13988).

4. EVIDENCE—BURDEN OF PROOF.

    A plaintiff has the burden of showing his cause of action and every defendant is entitled to go clear unless made answerable by legal testimony.

5. LIMITATION OF ACTIONS—PRIMA FACIE EVIDENCE OF PART PAYMENT.

    In action on a promissory note where plaintiff did not establish a *prima facie* case of part payment to toll running of statute of limitations, it was not incumbent upon defendant to offer proof denying payment had been made or authorized by him (3 Comp. Laws 1929, §§ 13976, 13984, 13988).

6. SAME—PART PAYMENT—EVIDENCE—CONJECTURE.

    In action on promissory note proof of indorsement of part payment and deposit slip in handwriting of employees of bank tending to show part payment *held*, insufficient to toll running of statute of limitations where obligor was not connected with such payment other than by conjecture (3 Comp. Laws 1929, §§ 13976, 13984, 13988).

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 7, 1938. (Docket No. 77, Calendar No. 39,839.) Decided February 25, 1938.

Assumpsit by George D. Albers against Ervin Pommerening and wife on a promissory note. From judgment against Ervin Pommerening, he appeals. Reversed without a new trial.

*Gerrit W. Kooyers,* for plaintiff.

*Elbern Parsons,* for defendant.

SHARPE, J. This is an action upon a promissory note. Defendants, who are husband and wife, executed the note July 28, 1928, in the sum of $500 payable one year after date. The last indorsement on the note was made by a bookkeeper of the First State Bank, Holland, Michigan. It purported to show payment on April 11, 1931, of five dollars to apply

on interest.  The record shows that on April 9, 1931, the assistant cashier made a deposit slip in his own handwriting showing that the five dollars was to apply on interest on the note.

Suit was commenced April 7, 1937.  Both defendants relied on the statute of limitations, 3 Comp. Laws 1929, § 13976, and the wife relied on Act No. 158, Pub. Acts 1917, and on coverture.  The trial court held the wife not liable, basing decision on the failure of the note to contain the statutory statement, but held the husband liable upon the theory that he was presumed to have made the payment of April 9, 1931.

Defendant Ervin Pommerening appeals and contends that there was no evidence produced at the trial from which the court could find that he made the April, 1931, payment.

It is conceded that, since the statute of limitations was pleaded by defendants and unless it was tolled by the payment of April 9, 1931, recovery was barred by the statute.

The statutes applicable to the facts involved in the instant case are: 3 Comp. Laws 1929, § 13984, which provides:

"In actions founded upon contract express or implied, no acknowledgment or promise shall be evidence of a continuing contract, whereby to take a case out of the provisions of this chapter (limitation of actions), or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing, signed by the party to be charged thereby."

And 3 Comp. Laws 1929, § 13988, which provides:

"Nothing contained herein shall alter, take away, or lessen the effect of a voluntary payment of any principal or interest, made by any person; but no

indorsement or memorandum of any such payment written or made upon any promissory note, bill of exchange or other writing by or on behalf of the party to whom such payment shall be made, or purport to be made, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of the provisions of this chapter.''

In *Home Life Insurance Co.* v. *Elwell,* 111 Mich. 689, we said:

"The theory upon which part payment takes the case out of the provisions of the statute is that it may be supposed to imply a new promise to pay the debt; and the cases hold that this result will not follow where the payment is accompanied by circumstances which preclude such inference.''

"The rule is well settled that part payment is but evidence of an admission of an indebtedness; but an admission of an indebtedness, to take the case out of the statute, must be such as reasonably leads to the inference that the debtor intended to renew his promise to pay, which it evidently cannot do if it is accompanied by circumstances which repel the idea of an intention to pay.'' *Lester* v. *Thompson,* 91 Mich. 245, 254.

In *Rogers* v. *Anderson,* 40 Mich. 290, with reference to 2 Comp. Laws 1871, § 7164, being 3 Comp. Laws 1929, § 13988, this court said:

"The statute is express and clear * * * that indorsements of payments, written by or on behalf of the party to whom payment is made shall not be deemed sufficient proof of payment to take the case out of the statute. 2 Comp. Laws 1871, §§ 7164, 7165.

"Unexplained indorsements of payments could not be received as evidence so as to take the case

out of the operation of the statute. *Michigan Ins. Co. of Detroit* v. *Brown,* 11 Mich. 265, 273.''

See, also, *Judson* v. *Pratt,* 208 Mich. 286.

In *Johnson* v. *Meade's Estate,* 252 Mich. 357, claimant sought to show a payment on the debt to take it out of the statute of limitations. We held the following instructions to the jury proper:

'' 'Now, it is necessary for the claimant to establish by the preponderance of the evidence, and the burden of proof is upon her to establish in respect to this payment or alleged payment the following facts:

'' 'First, that the payment was actually made; that the sum of $200 was actually paid;

'' 'Second, that it was paid upon a certain specific debt;

'' 'Third, that such debt was the one involved in this case; and,

'' 'Fourth, that this payment was applied by the deceased himself upon this debt as a part payment thereof and that he intended at the time that he made the payment that it should be applied generally upon the entire account between him and his sister from the beginning of the performance of the service.' ''

And in *Sweet* v. *Ellis,* 109 Mich. 460, 465, the court said:

''Statutes of limitation are now generally considered to be statutes of repose, and any act or declaration which is to postpone their effect is closely scrutinized. 13 Am. & Eng. Enc. Law, 750; *Ten Eyck* v. *Wing,* 1 Mich. 40. * * * An acknowledgment, or a payment which is to operate as an acknowledgment, must be made by the debtor or his authorized agent. 13 Am. & Eng. Enc. Law, 760, and a large number of cases there cited.''

See, also, *Gordon* v. *Heller,* 271 Mich. 240.

In *Hiscock* v. *Hiscock,* 257 Mich. 16, 20 (78 A. L. R. 953), we held:

"The evidence as a whole should be clear and decisive of payment. *Cowie* v. *Fisher,* 45 Mich. 629."

In the case at bar, neither of the defendants appeared as witnesses in their own behalf, nor were they called for cross-examination under the statute, 3 Comp. Laws 1929, § 14220. At the close of plaintiff's case the proof offered was that a payment had been made upon the note on April 9, 1931, received by the bank and credited to the account. It is important to note that there was no testimony tending to show that the payment had been made by defendant Ervin Pommerening or anyone authorized to act for him.

In *Lendberg* v. *Brotherton Iron Mining Co.,* 75 Mich. 84, 89, we said:

"A plaintiff has always the burden of showing his cause of action. Every defendant is entitled to go clear unless made answerable by legal testimony. There are no presumptions against him. If there is no testimony to be found, it is not admissible to make out a case without it. When plaintiff's case was closed, no cause of action had been made out."

And in *Blackman* v. *Andrews,* 150 Mich. 322, we said:

"Emphasis is laid upon the circumstance that Blackman, though present in court, and active in endeavoring to procure probate of the will, did not take the stand as a witness. This circumstance is utterly unimportant, unless contestant offered evidence tending to prove the impropriety of his conduct. The failure of a party to take the stand may

strengthen the inference to be drawn legitimately from testimony in the case, but it does not warrant an inference in no manner justified by that testimony. If it were otherwise, the plaintiff in any suit could submit his case without testimony and demand a verdict and judgment because the defendant remained silent.''

See, also, *Benedict* v. *Rinna,* 257 Mich. 349; *Collar* v. *Maycroft,* 274 Mich. 376.

Until plaintiff established a *prima facie* case, it was not incumbent upon defendant Ervin Pommerening to offer any proof by denying that he made or authorized the payment of April 9, 1931. Under the evidence produced in this cause, it would be pure conjecture to say that defendant and appellant made or authorized the above payment. Because of plaintiff's failure to connect defendant Ervin Pommerening with such payment other than by conjecture the statute of limitations was not tolled.

Judgment reversed without a new trial. Appellant may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.