GLASS v. DRIEBORG.

1. Limitation of Actions—Tolling Statute—Financial Statement—Evidence of Circumstances Negativing Promise to Pay.
    In bank receiver's action against maker and indorser of a promissory note in which plaintiff claimed the statute of limitations, interposed as a defense by the indorser, had been tolled by financial statement signed by indorser and furnished to plaintiff, testimony of party to whom statement was given by indorser that latter had stated he could not and would not pay the note, admitted to be a contingent liability in the statement, was competent for purpose of showing statement was furnished under circumstances negativing a promise to pay (3 Comp. Laws 1929, § 13976).

2. Appeal and Error—Questions Reviewable—Statement of Questions Involved.
    Failure to appeal from ruling of trial court admitting certain testimony over objection and omission of question raised in the statement of questions involved precludes Supreme Court from a consideration of such question.

3. Limitation of Actions—Promise to Pay.
    In actions founded upon contract, no acknowledgment or promise to pay will prevent the action being barred by the statute of limitations unless the acknowledgment or promise is made by or contained in some writing signed by the party to be charged (3 Comp. Laws 1929, §§ 13976, 13984).

4. Same—Promissory Notes—Makers—Indorsers.
    The right of an indorser of a promissory note to claim the benefit of the statute of limitations is not affected by any payment or promise made by the maker.

5. Same—Acknowledgment of Debt—Promise to Pay—Intent.
    If a debtor admits an indebtedness barred by the statute of limitations but couples the admission with a refusal to pay, no new promise can be implied since the acknowledgment is without force without an inference to be drawn from it of an intention to pay (3 Comp. Laws 1929, § 13976).

Tolling of statute of limitations by acknowledgment of indebtedness, see 1 Restatement, Contracts, § 86, and cf. § 127, as to joint and several obligees.

6. SAME—NEW PROMISE—EVIDENCE.

New promise, set up to remove bar of statute of limitations, ought to be proved in a clear and explicit manner, either expressly or by such an unqualified acknowledgment as authorizes its implication (3 Comp. Laws 1929, § 13976).

7. SAME—SUFFICIENCY OF ACKNOWLEDGMENT OF DEBT TO TOLL STATUTE.

While a sufficient acknowledgment to take a debt out of statute of limitations need not be in a set form of words and may be inferred from facts without words, the acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt which the party making the acknowledgment is liable and willing to pay, be unaccompanied by circumstances or declarations which repel the presumption of a promise or intention to pay, and be consistent with a promise to pay (3 Comp. Laws 1929, § 13976).

8. SAME—STATUTES OF REPOSE.

Statutes of limitation are now generally considered to be statutes of repose, and any act or declaration which is to postpone their effect is closely scrutinized (3 Comp. Laws 1929, § 13976).

9. SAME—FINANCIAL STATEMENT—TOLLING OF STATUTE—QUALIFIED ACKNOWLEDGMENT.

Financial statement by indorser of note to bank, made to receiver shortly before expiration of six-year period of statute of limitations, which contained an admission of contingent liability on the note but made no promise to pay it and which was accompanied by declarations of indorser that he could not and would not pay the note, was not an unqualified acknowledgment of the debt and did not toll the statute (3 Comp. Laws 1929, § 13976).

Appeal from Kent; Brown (William B.), J. Submitted October 18, 1940. (Docket No. 108, Calendar No. 41,343.) Decided January 6, 1941.

Assumpsit on a promissory note by Harry Glass, Sr., receiver of American Home Security Bank, against John Mieras, maker, and J. D. Drieborg, indorser. Judgment for plaintiff. Defendant Drieborg appeals. Reversed as to appellant.

*John M. Dunham,* for plaintiff.

*Carmody, Geib & Walsh,* for appellant.

BOYLES, J.   This is a suit by the receiver for the American Home Security Bank, of Grand Rapids, against John Mieras, maker of, and J. D. Drieborg, indorser on, a promissory note.   Mieras confessed judgment.   Drieborg had trial before the court without a jury.   Plaintiff had judgment and Drieborg appeals.

The note was due October 13, 1933.   Suit was begun October 28, 1939.   Drieborg's sole defense was the statute of limitations.   Plaintiff replied that Drieborg had "prepared and filed a sworn, financial statement in which said obligation is admitted." Defendant admitted signing the alleged financial statement, denied that it waived his defense under the statute, and claimed that it was given under such circumstances as to repel the presumption of any promise or intention to pay.   These circumstances were as follows: Mieras made payments, but Drieborg never made any payments on the note. Sometime before the six-year period would elapse, the bank mailed Drieborg a blank upon which to make a financial statement, requesting that it be made out and returned to the bank.   This blank was received by Drieborg and put into the wastebasket. About a month before the note would otherwise be outlawed, Mieras, the maker, through his attorney, Mr. Walsh, endeavored to effect a compromise with the receiver or obtain a reduction in the amount due. The receiver informed Walsh that no negotiations would be entered into until a sworn financial statement by both the maker and indorser was furnished to the bank.   Walsh obtained from the bank a blank financial statement, had Drieborg come to his office, and there Mr. Drieborg signed and swore to the financial statement.   Walsh turned the statement

over to the bank and it was received in evidence. Plaintiff relies on it to toll the statute. This statement, after reciting Drieborg's assets and liabilities, contains the following:

"Contingent Liability
"Notes indorsed: John Mieras note held by Am. Home Security receiver $981.40 * * *
"Total Contingent $981.40 * * *
"These statements of my assets, liabilities, income and expense, are filed in connection with my indebtedness at the American Home Security Bank, and accurately represent my present worth and ability to apply on my indebtedness at the bank.
"Dated Sept. 29, 1939
        "Signed    JAKE D. DRIEBORG"

Drieborg admitted signing the statement in Mr. Walsh's office and testified that his object in making it was the possibility of Mieras making a settlement with the bank and that, on request of the bank, he (Mieras) wanted this financial statement. He further testified that he told Mr. Walsh at the time of making it that he couldn't and wouldn't pay the note. Mr. Walsh testified that he was acting as the attorney for Mr. Mieras and that when Drieborg gave him the financial statement "we discussed the whole situation at considerable length and Mr. Drieborg told me that he couldn't and wouldn't pay it." Mr. Drieborg never discussed the matter with the receiver or anyone connected with the bank. Plaintiff's objection to all this testimony was overruled by the trial court. Counsel now claims this testimony was inadmissible. It was competent for the purpose of showing that the financial statement was furnished under circumstances negativing a promise to pay. This question is not raised in the statement of questions involved and this ruling was not appealed. It cannot now be considered by us. The

sole question before this court as stated by counsel for both parties is:

"Was the furnishing of the financial statement under the undisputed circumstances such an unqualified acknowledgment of the debt as to toll the running of the statute of limitations?"

Unless this signed statement tolls the statute, plaintiff's cause of action is barred. 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).* In actions founded upon contract, no acknowledgment or promise to pay will prevent the action being barred by the statute of limitations unless the acknowledgment or promise is made by or contained in some writing signed by the party to be charged. 3 Comp. Laws 1929, § 13984 (Stat. Ann. § 27.613). Drieborg's right to claim the benefit of the statute is not affected by any payment or promise made by Mieras. 1 Williston on Contracts (Rev. Ed.), § 193; *Borden* v. *Fletcher's Estate*, 131 Mich. 220. See, also, *Godde* v. *Marvin*, 142 Mich. 518.

"If the debtor admits his indebtedness but couples the admission with a refusal to pay, no new promise can be implied." 1 Williston on Contracts (Rev. Ed.), § 168.

"As the force of an acknowledgment depends in most States upon the inference to be drawn from it of an intention to pay, if there is anything in the surrounding circumstances, even though not in the words of the acknowledgment, tending to negative such an inference or to leave it in doubt, the indebtedness will not be revived." 1 Williston on Contracts (Rev. Ed.), § 170.

"It has ever since been recognized in England, and generally in the United States, that the effect of an admission or acknowledgment is merely that

---

* Amended by Acts Nos. 21, 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940 Cum. Supp. § 27.605).— Reporter.

of evidence of a promise implied in fact. And if, taking all the circumstances into account, the admission does not indicate an intention to pay, no liability arises from it." 1 Williston on Contracts (Rev. Ed.), § 161

The law of this case was settled in this State in 1848. In the case of *Ten Eyck* v. *Wing,* 1 Mich. 40, 45, 47, this court said:

"The next point is, that by the stipulation, there was a sufficient acknowledgment of the debt to take it out of the statute.     *     *     *

"We are, perhaps, not prepared to say with Baron Parke, *Hart* v. *Prendergast,* 14 Mees. & Wels. 741, 744 (153 Eng. Rep. 674), that a certain train of decisions allowing very slight acknowledgments to take a case out of the statute, was a disgrace to the law; but we can say with him, we trust there is no danger of our falling into the same error. The consequence of this rule of construction is, that whenever a new promise is set up to remove the bar of the statute, it ought to be proved in a clear and explicit manner, either expressly, or by such an unqualified acknowledgment as authorizes its implication. *Bell* v. *Morrison,* 1 Pet. (26 U. S.) 351, 362 (7 L. Ed. 174); *Cambridge* v. *Hobart,* 10 Pick. (27 Mass.) 232; *Gardner* v. *Tudor,* 8 Pick. (25 Mass.) 206; *Bangs* v. *Hall,* 2 Pick. (19 Mass.) 368 (13 Am. Dec. 437). And although it is held no set form of words is requisite to constitute a sufficient acknowledgment, and that it may be inferred from facts without words, *Whitney* v. *Bigelow,* 4 Pick. (21 Mass.) 110, yet the acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay, and be unaccompanied by any circumstances or declarations which repel the presumption of a promise or intention to pay. *A'Court* v. *Cross,* 3 Bing. 329 (130 Eng. Rep. 540, 11 Moore, 198, 4 L. J. C. P. [O. S.] 79). If there be anything said at the

time of the acknowledgment to repel the inference of a promise, the acknowledgment will not take the case out of the statute; the acknowledgment must be consistent with a promise to pay.''

This was reaffirmed in 1857, and has since been consistently followed by this court.

''Since the statute of limitation has come to be considered as resting upon the latter foundation as well as the former, and to be a statute of repose as well as a statute of presumption, the uniform doctrine has been that it remains in force, unless the debtor renounces its benefit and protection, and voluntarily makes a new promise to pay the old debt. Such new promise will be implied from the mere acknowledgment of the debt expressed by such words, and attended with such circumstances, as give it the meaning, and, therefore, the force and effect of a new promise. But if the acknowledgment be attended by any qualification, tending to rebut the implication of a promise of payment which would otherwise arise, there can be no recovery.'' *Jewett* v. *Petit*, 4 Mich. 508, 510.

''The theory upon which a part payment arrests the running of the statute is that it implies a new promise to pay; and a payment made under circumstances inconsistent with such an inference is not effective.'' *Borden* v. *Fletcher's Estate, supra,* 223.

''Even if the promise to pay in writing would take the case out of the statute, it will be noted there was no such recognition of the entire amount claimed and a promise to pay it as would prevent the running of the statute.'' *Carr* v. *Carr,* 138 Mich. 396, 402.

In the case of *Throop* v. *Russell,* 145 Mich. 482, 486 (116 Am. St. Rep. 314), this court quoted with approval the statement of the law in *Ten Eyck* v. *Wing, supra,* and said:

"In this State the law is well settled as to what constitutes a new promise in writing sufficient to remove the bar of the statute. * * *

"This case has been accepted as the law in this State upon this question."

"Statutes of limitation are now generally considered to be statutes of repose, and any act or declaration which is to postpone their effect is closely scrutinized. 13 Am. & Eng. Enc. Law, 750; *Ten Eyck* v. *Wing*, 1 Mich. 40." *Sweet* v. *Ellis*, 109 Mich. 460, 465.

See, also, *Albers* v. *Pommerening*, 283 Mich. 389.

The crux of the matter is, has there been a new promise to pay? Whether or not the promise to pay is to be inferred from a mere acknowledgment of the debt in writing, or whether the existence of a promise is negatived by circumstances, the question still remains, has the debtor renewed or revived the promise to pay the debt? If the circumstances under which a mere acknowledgment of debt is made negative the inference of a promise to pay, we should not hold that the debtor has made such a promise. The question is not limited entirely to whether the promise or the negation has been communicated to the creditor. To start with, the circumstances must indicate that the debtor be considered to have made a promise to pay. It is obvious that in every meeting of minds there must be at least two parties, in this case the promisor and the promisee. In the case at bar, there is no promisor. The circumstances under which the financial statement was signed negative the possibility of a new promise by Drieborg to pay the note.

Reversed and remanded for entry of judgment for defendant Drieborg, with costs.

SHARPE, C. J., and BUSHNELL, NORTH, and Mc-ALLISTER, JJ., concurred with BOYLES, J.

Wiest, J. (*concurring in result*).  I concur in the result on the ground that the financial statement showing defendant's ability to pay the obligation was not a promise to pay tolling the statute.

I do not join in holding that the remark made by defendant Drieborg to Mr. Walsh, the attorney for the maker of the note, that he could not and would not pay the note has any bearing upon the issues. Such remark was not made to the payee of the note or to any one representing him and was of no consequence.

Chandler and Butzel, JJ., concurred with Wiest, J.